IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
January 30, 2025
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
    DEPUTY CLERK

| | |
|---|---|
| Wesley Pennington, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 7:24-cv-00863 |
| ) | |
| Jed Arnold *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND DISMISSAL ORDER

Plaintiff Wesley Pennington, an incarcerated individual proceeding *pro se*, filed a civil rights action under 42 U.S.C. § 1983, claiming that Defendants took largely unspecified actions in 2020 that led to his "illegal incarcerat[ion.]" (Compl. at 3 (Dkt. 1).) He also claims that Defendants are engaged in "human traffic[k]ing" and are operating as "vigilantes" for their financial gain. (*Id.* at 5.) Pennington submitted the financial documentation and consent to collection of fees form required to support his application to proceed *in forma pauperis*.

While the court finds that Pennington qualifies to proceed without prepayment of fees or costs, it also finds that his complaint fails to state any viable claim upon which relief can be granted. Accordingly, the court grants the *in forma pauperis* application but dismisses the complaint without prejudice *sua sponte* under 28 U.S.C. § 1915(e)(2)(B).

### I.  Standard of Review

The court must dismiss a complaint filed in forma pauperis "at any time" the court determines that the complaint "fails to state a claim on which relief may be granted." 28 U.S.C.

§ 1915(e)(2)(B)(ii); *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656–57 (4th Cir. 2006). This statute "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

The standards for reviewing a complaint for dismissal under § 1915(e)(2)(B)(ii) are the same as those which apply when a defendant moves for dismissal under Federal Rule of Civil Procedure 12(b)(6). *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). Thus, in reviewing a complaint under this statute, the court must accept all well-pleaded factual allegations as true and view the complaint in the light most favorable to the plaintiff. *Philips v. Pitt Cnty. Mem'l. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

While the court will construe Pennington's *pro se* complaint liberally, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), her complaint must state a right to relief that is plausible on its face. See Iqbal, 556 U.S. at 678. Moreover, "this liberal construction does not require the court to ignore clear defects in pleading" or to "conjure up questions never squarely presented in the complaint." *Jefferies v. UNC Reg'l Physicians Pediatrics*, 320 F. Supp. 3d 757, 760 (M.D.N.C. 2018) (citations omitted).

## II.     Analysis

Here, Pennington's complaint fails to state any claim upon which relief could be granted.  Pennington contends that Defendants Detective Kelly White and Sergeant Kevin Akers wrongly arrested him and that his attorney Defendant Jed Arnold failed to adequately represent him in the summer of 2020.  Pennington does not provide any non-conclusory facts about what specifically Arnold, White, or Akers did or not do that violated his rights.  A proper § 1983 claim requires factual details about a defendant's personal involvement in the violation of a plaintiff's rights.  *See Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017).  The complaint is too vague to support a plausible claim or entitlement to relief as to these allegations.

Additionally, and irrespective of the merits of Pennington's contentions, he has brought this suit too late.  Section 1983 does not itself contain an express statute of limitations.  Instead, a federal court considering such a claim must apply the forum state's most similar statute of limitations period.  *Wilson v. Garcia*, 471 U.S. 261, 276–80 (1985).  In Virginia, the personal injury statute of limitations is two years under Va. Code Ann. § 8.01-243(A).  Therefore, Pennington's claims must have been asserted within two years of their accrual or they are time-barred (meaning the claims must be dismissed irrespective of the merits of the claim).  The Fourth Circuit has held that when evaluating a complaint filed *in forma pauperis*, a district court may consider a statute of limitations defense *sua sponte* when the face of the complaint plainly reveals the existence of such defense.  *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 953–56 (4th Cir. 1995).  According to the complaint, Pennington filed this suit at least four years after the events at issue.  Therefore, his claims are time-barred and must be dismissed.

Pennington further claims that Defendants White and Akers subsequently (at an unspecified time) "tried to enter a residence without proper authority." (Dkt. 1. at 4.) Even if this claim arose from events within the limitations period, Pennington does not contend that it was his residence or that he had any interest or expectation of privacy in the residence that would be protected by the Fourth Amendment. As a *pro se* litigant, Pennington may not assert the claims of another. *Myers v. Loudoun Cnty. Pub. Schs.*, 418 F.3d 395, 400 (4th Cir. 2005) ("The right to litigate for *oneself,* however, does not create a coordinate right to litigate for *others.*") (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975)). He further did not specify any harm that befell him as a result of the allegedly warrantless search or describe any evidence seized as a result of the search. Accordingly, he failed to establish any plausible claim of entitlement to relief as to his personal Fourth Amendment rights.

Next, his claims that all Defendants are engaged in human trafficking and are acting as "vigilantes" and "loose can[n]ons" (Dkt. 1 at 4–5) are too vague to support a plausible claim of entitlement to relief. He provides no details or facts supporting these conclusory allegations, which therefore should be dismissed.

Additionally, the complaint names many defendants as to which relief could simply not be granted pursuant to 42 U.S.C. § 1983. Section 1983 provides a cause of action against a "person" who, acting under color of state law, violates the constitutional rights of another. 42 U.S.C. § 1983. Liability for a civil rights violation is "personal, based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001). A police department is not a person. "The capacity of a governmental body to be sued in the federal courts is governed by the law of the state in which the district court is held." *Avery v. Burke*

*Cnty.*, 660 F.2d 111, 113–14 (4th Cir. 1981) (citing Fed. R. Civ. P. 17(b)). "Under Virginia law, which applies in this context, 'an operating division of a governmental entity . . . cannot be sued unless the legislature has vested the operating division with the capacity to be sued.'" *Smith v. Town of South Hill*, 611 F. Supp. 3d 148, 167 (E.D. Va. 2020) (quoting *Mukuna v. Gibson*, No. 1:11cv493, 2011 WL 3793336, at *5 (E.D. Va. Aug. 25, 2011)). Courts have consistently concluded that "nothing in Virginia law recognizes municipal police departments as entities separate from their respective municipalities." *Id.* (quoting *Hearn v. Hudson*, 549 F. Supp. 949, 952 n.1 (W.D. Va. 1982) (dismissing claims against a municipal police department); *see also Lucas v. Henrico Cnty. Pub. Sch. Bd.*, No. 3:18cv402, 2019 WL 5791343, at *3 (E.D. Va. Nov. 6, 2019) (stating that "several courts in this Circuit have dismissed claims against police departments in Virginia, holding that they lack the capacity to be sued" and dismissing the plaintiff's claims against a municipal police department); *Sharpe v. Winterville Police Dep't*, 480 F. Supp. 3d 689, 694–95 (E.D.N.C. 2020) (applying North Carolina law to dismiss claim against police department). Accordingly, Defendants Wytheville PD and Wythe County PD must be dismissed.

Similarly, courts are not proper § 1983 defendants against whom relief could be granted. "It is established law that governmental entities such as jails and courts are not 'persons' under § 1983, and are thus not amenable to suit under the statute." *Stevens v. Sheeley*, No. 5:13CV18, 2013 WL 5744782, at *2 (N.D.W. Va. Oct. 23, 2013). Therefore, Defendant "Wytheville General District Court and Circuit Court" must be dismissed.

### III.    Conclusion and Order

For the foregoing reasons, the court **GRANTS** the application to proceed *in forma pauperis*, but **DISMISSES** the complaint **without prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b).  The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Dismissal Order to Pennington.

**ENTERED** this 30th day of January 2025.

/s/ *Jasmine H. Yoon*
HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE